IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VELETTA COLEMAN,                   ) | |
|       Plaintiff,                          ) | |
| vs.                                                )  | No. 3:18-CV-0121-G (BH) |
|                                          ) | |
| SARAH-RENEE HOLLINGSWORTH )  | |
| GARNER, et al.,                            ) | |
|       Defendants.                    ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

### I.  BACKGROUND

On January 18, 2018, Veletta Coleman (Plaintiff) filed this *pro se* case against Sarah-Renee Hollingsworth Garner (Driver), Dan Beacom (Agent), GEICO Government Employee's Insurance Company (Company) (collectively Defendants) for negligence, intentional infliction of emotional distress, fraud, breach of contract, violation of consumer protection laws, and discrimination.  (*See* docs. 3 at 2-3; 10 at 8-9.)[2]

On her way to work on January 19, 2016, Plaintiff was driving in the center lane of the road when Driver "carelessly, recklessly and negligently moved to the center lane" directly behind her, striking the rear of her car. (*See* doc. 3 at 1-2, doc. 10 at 12.)  Driver "again carelessly, recklessly and negligently" moved to the left lane, striking the rear of Plaintiff's car for a second time and injuring her.  (*See* doc. 3 at 2; 10 at 5.)  Driver continued to drive "recklessly, carelessly and negligently" until she came to a stop on the sidewalk. (doc. 10 at 28.) Approximately an hour after

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page.

the accident, Driver's mother arrived on scene in a separate vehicle and began cursing at Plaintiff. (doc. 10 at 18.)

Plaintiff alleges that she was treated unfairly and dishonestly by Agent when she filed an insurance claim for the accident. (*See* doc. 3 at 2.) From January 19, 2016 through January 18, 2018, Agent refused to pay or offer Plaintiff a settlement for the injuries she sustained. (doc. 10 at 18.) Agent repeatedly made false, misleading, and deceptive statements to Plaintiff related to her insurance coverage. (doc. 3 at 2.) He repeatedly offered Plaintiff unfair valuations of her insurance claim and repeatedly "caused and/or failed to meet required claims processing and payment deadlines." (*Id*.) Plaintiff was repeatedly treated differently from other "individuals of the same class and essentially the same hazard based on race, age, geographic location and disability." (*Id*.) Agent and Company denied Plaintiff's insurance claim, finding that she was responsible for the car accident based on a story fabricated by Driver's mother that the accident that involved a DART bus. (doc. 10 at 17, 28.)

Plaintiff sues Defendants, alleging that Driver violated the Texas Transportation Code by failing to safely change lanes, driving at a rate of speed greater than an ordinarily prudent driver would have driven, and failing to stop in timely and prudent manner. (doc. 3 at 3.) Plaintiff claims that Defendants' negligent acts or omissions, "singularly or in combination with others" was the proximate cause of the accident and her resulting injuries. (*Id*.) She also claims that Agent violated the Texas Department of Transportation consumer bill of rights. (*Id.*) Plaintiff seeks reasonable and necessary medical care and expenses, monetary damages for pain and suffering, court costs, and attorney's fees. (*See* doc. 3 at 4.) She alleges that her claims against Defendants are in sum greater than $250,000.000, which is an amount in excess of minimum jurisdictional limits of this court. (*See*

2

*id.* at 1; 10 at 33.) No process has been issued in this case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir.1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed.R.Civ.P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

### A.    Federal Question

Here, Plaintiff's cause of action against Agent and Company is based on the denial of her insurance claim and arises solely under state law. Her claims for negligence and intentional infliction of emotional distress against Driver also arises under state law. She neither identifies nor asserts any federal causes of action against Defendants, and she makes no allegations to support any federal cause of action. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

### B.    Diversity Jurisdiction

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See*

28 U.S.C. § 1332(a). Complete diversity "does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991).

Here, Plaintiff failed to plead that the parties are diverse, and she generally alleges that she has "suffered losses and damages in a sum within the jurisdictional limits of the court" but has not alleged any matter in controversy that exceeds $75,000 in value. She has therefore not met her burden to show that complete diversity exists between the parties, and her complaint should be dismissed for lack of subject-matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.*, 273 F.3d 1103 (5th Cir.2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

### III.  RECOMMENDATION

The complaint should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**SO RECOMMENDED**, this 22nd day of April, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE